UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CRAIG COOPER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01114-JRS-MPB |
| | ) | |
| CINDY A VAUGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Defendants' Motion for Summary Judgment (ECF No. 72)
and Plaintiffs' Motion for Partial Summary Judgment (ECF No. 68)**

Plaintiffs Craig D. Cooper, D.D.S. ("Dr. Cooper"), and the American Academy of Implant Dentistry ("AAID") challenge the constitutionality of 828 IND. ADMIN. CODE § 1-1-18(f), a rule regulating specialty advertising by dentists licensed by the Indiana State Board of Dentistry (the "Board"). Specifically, Plaintiffs allege that the rule (1) violates their First Amendment rights by prohibiting Dr. Cooper and AAID's members from advertising that they are specialists in implant dentistry; (2) violates their due process rights; (3) violates their equal protection rights; and (4) violates the Sherman Act. (Compl. ¶¶ 40–61, ECF No. 1.) Plaintiffs seek injunctive and declaratory relief.

On November 4, 2017, the Board's Rules Committee voted to submit its proposed revisions to § 1-1-18 to the Board for consideration. (Nowakowski Decl. ¶ 4, ECF No. 39-1.) On December 1, 2017, the Board met and voted to accept the proposed amendments and to begin the rulemaking process. (2d Nowakowski Decl. ¶ 5, ECF No. 80-

1

1.) *See* IND. CODE § 25-14-1-13 (authorizing the Board to adopt and enforce rules). Unlike the old rule, the proposed amended rule does not list permitted specializations but instead provides that a dentist "may advertise as being a specialist in, or limiting practice to, a particular field of dentistry, only if the dentist has completed a dental specialty program of at least two (2) years training from: (1) a Commission on Dental Accreditation approved program; or (2) a program approved by another organization approved by the United States Department of Education." On April 5, 2019, the Board voted not to readopt § 1-1-18, and the rule expires on January 1, 2020.[1] (3d Nowakowski Decl. ¶ 4.) In the meantime, the Indiana Attorney General's Office has stayed enforcement of 1-1-18(f) during the rulemaking process, and no administrative complaints relating to 1-1-18(f) are currently pending against Dr. Cooper or any other dentist. (Isenberg Decl. ¶¶ 6–7.) *See* IND. CODE § 25-14-1-20 (providing that proceedings or disciplinary action against licensed dentist shall proceed under IND. CODE § 25-1-7); IND. CODE § 25-1-7 (empowering the office of the attorney general to "receive, investigate, and prosecute complaints concerning regulated occupations"). Defendants contend that the Court lacks Article III jurisdiction because Plaintiffs' claims are moot. Plaintiffs disagree.

The Constitution extends the "judicial Power" only to "Cases" and "Controversies." *See* U.S. Const. art. III, § 2. "[N]o principle is more fundamental to the judiciary's proper role in our system of government[.]" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540,

---

[1] Defendants filed a Notice informing the Court of this vote after the parties' motions for summary judgment—in which Defendants contend, *inter alia*, that Plaintiffs claims are moot—were fully briefed. (Defs.' Notice, ECF No. 81.) Plaintiffs responded. (Pls.' Resp. to Notice, ECF No. 82.)

1547 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Accordingly, "[n]o federal court . . . has jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." *Golden v. Zwickler*, 394 U.S. 103, 110 (1969).

"[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017). "When a party with standing at the inception of the litigation loses it due to intervening events," the claim becomes moot, stripping the court of jurisdiction. *Freedom from Religion Found., Inc. v. Concord Cmty. Schs.*, 885 F.3d 1038, 1050 (7th Cir. 2018) (quoting *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010)); *see also Wis. Right to Life, Inc. v. Schober*, 366 F.3d 485, 490–91 (7th Cir. 2004) ("cases that do not involve actual, ongoing controversies are moot and must be dismissed for lack of jurisdiction") (internal quotation marks omitted).

"When a plaintiff's complaint is focused on a particular statute, regulation, or rule and seeks only prospective relief, the case becomes moot when the government repeals, revises, or replaces the challenged law and thereby removes the complained-of defect." *Ozinga*, 855 F.3d at 734; *see also Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) ("In a string of cases, the [Supreme] Court has upheld the general rule that repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief.") (collecting cases). "Only when there is a

3

substantial likelihood that the offending policy will be reinstated if the suit is terminated will a court recognize that the controversy remains live." *Ozinga*, 855 F.3d at 734; *see, e.g., Ne. Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 662 (1993) (holding that repeal did not moot challenge to ordinance where replacement ordinance was substantially similar); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (holding that repeal did not moot challenge to ordinance where defendant city announced its intent to reenact the ordinance if the case were dismissed). Otherwise, government officials are presumed to have "acted in good faith in repealing the challenged law or policy." *Ozinga*, 855 F.3d at 734.

Here, the Board has voted not to readopt § 1-1-18, the challenged rule expires on the first of the new year, and the Indiana Attorney General's Office has stayed enforcement of § 1-1-18(f) during the rulemaking process. Two Seventh Circuit decisions are instructive. In *Wisconsin Right to Life*, a district court declared a Wisconsin campaign finance law unconstitutional in another case, but the law had not been repealed. 366 F.3d at 487; *see also 520 Mich. Ave. Assocs., Ltd. v. Devine*, 433 F.3d 961, 964 (7th Cir. 2006) ("Decisions of district courts bind the litigants but have no authoritative effect elsewhere in the circuit (or even in the same district)."). A state board wrote the plaintiff that the law would not be enforced and posted online that the law was unconstitutional. 366 F.3d at 488. The Seventh Circuit held that the case was therefore moot. *Id.* at 492. In *Concord*, on the other hand, the plaintiffs challenged the constitutionality of a school district's annual Christmas pageant. In

4

response, the defendant school district changed its winter celebration program in subsequent years, and the superintendent provided assurances that there had been "a variety of informal discussions" that "resulted in what appeared to be a consensus . . . that the changes should be made permanent." *Concord*, 885 F.3d at 1051. The district "failed to document in any way its decision to make the changes permanent," so the Seventh Circuit held that the controversy remained live. *Id.* at 1052.

This case is like *Wisconsin Right to Life* and unlike *Concord*. Three formal steps have culminated in the Board's decision not to readopt the challenged rule: (1) the Rules Committee's vote to submit its proposed revision to the Board, (2) the Board's vote to begin the rulemaking process, and (3) the Board's ultimate vote not to readopt § 1-1-18. Although the rule technically remains in effect until January 1st, the Board's actions amount to far more than "informal discussions" resulting "in what appeared to be consensus," and the Attorney General's Office's stay of enforcement ensures that Plaintiffs will suffer no harm as a result of § 1-1-18(f) before its expiration.

Plaintiffs contend that Defendants' claim that the Board voted not to readopt the rule is "inconsistent with the official publication of the Board's recent actions in the Indiana Register," which lists § 1-1-18 in a "Notice of Intent to Readopt." (Pls.' Resp. to Notice ¶ 2.) But the notice is dated March 27, 2019—before the Board's April 5 vote not to readopt. (The copy attached to Plaintiffs' notice indicates a date of access of April 11—apparently a red herring.) Plaintiffs have therefore not established a

5

"substantial likelihood that the offending policy will be reinstated" to overcome the presumption that the Board acted in good faith. *See Ozinga*, 855 F.3d at 734

Plaintiffs further argue that the controversy remains live because past violations of the expiring rule could be enforced in the future. Enforcement is stayed and the rule expires in January. Plaintiffs do not allege that they violated § 1-1-18(f) before the Attorney General's Office stayed enforcement. Another Seventh Circuit case is instructive on this point. In *Devine*, the district court held that the plaintiff lacked standing because no criminal prosecution was "imminent." 433 F.3d at 962. But, unlike this case, the Illinois Department of Labor had issued a civil investigative demand, the defendants "declined to provide [shelter from prosecution to the plaintiff] voluntarily," and the "State's Attorney did not offer the [plaintiff] a prompt opportunity to resolve the dispute in state court," so the Seventh Circuit reversed, finding the case presented a live controversy. *Id.* at 962–64.

Finally, Plaintiffs appear to argue that the Court should decide their claims on the merits because the parties' motions for summary judgment are fully briefed. (*See* Pls.' Resp. to Notice ¶ 3, ECF No. 82.) A ripe motion does not save a moot claim. Article III limits federal courts' jurisdiction to "Cases" and "Controversies"; it contains no moot-but-fully-briefed clause.

Plaintiffs challenge a rule and seek prospective relief. Their claims are moot because the Board has voted not to readopt the rule, enforcement of the rule has been stayed pending promulgation of a new rule, and there is no evidence of a substantial

6

likelihood that the rule will be reinstated. Accordingly, Plaintiffs' motion for summary judgment (ECF No. 68) is **denied**, Defendants' motion for summary judgment (ECF No. 72) is **granted in the alternative**, and Plaintiffs' claims are **dismissed without prejudice** for lack of jurisdiction. A final judgment will be entered separately.

**SO ORDERED.**

Date: 8/5/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William J. Brinkerhoff
KATZ KORIN CUNNINGHAM, P.C.
BBrinkerhoff@kkclegal.com

Jill Esenwein
BLEEKE DILLON CRANDALL ATTORNEYS
jill@bleekedilloncrandall.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Kristopher N. Kazmierczak
KATZ KORIN CUNNINGHAM, P.C.
kkaz@kkclegal.com

Winston Lin
INDIANA ATTORNEY GENERAL
winston.lin@atg.in.gov

Frank R. Recker
Frank R. Recker & Associates, Co LPA
recker@ddslaw.com