UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRAIG COOPER, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:17-cv-01114-JRS-MPB |
| | ) |
| CINDY A VAUGHT, et al. | ) |
| | ) |
| Defendants. | ) |

**Entry**

Plaintiffs move the Court to reconsider its determination that this case is moot. (ECF No. 87.) The Court has considered the parties' additional submissions. (ECF Nos. 87, 88, 90.) However, the Court finds the "newly discovered evidence" only confirms the Court's earlier determination that Plaintiffs have "not established a substantial likelihood that the offending policy will be reinstated." (*See* ECF No. 83 at 5–6.) Plaintiffs' legal arguments fare no better. Plaintiffs have not "clearly establish[ed] that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). Accordingly, Plaintiffs' motion to reconsider (ECF No. 87) is **denied.**

Plaintiffs move in the alternative to amend the judgment to state that the dismissal is "'without prejudice,' and with the parties bearing their own costs." (ECF No. 87.) Plaintiffs contend that such amendment is necessary to avoid confusion over whether the case was dismissed with or without prejudice and to "avoid any potential

1

implication that costs are assessed against one side or the other under Rule 54(d)(1)." (ECF No. 87 at 8.) Plaintiffs also filed an objection to Defendants' bill of costs.

Any confusion over whether dismissal was with or without prejudice is unreasonable. The order dismissing the case explicitly states—in boldface type—that the dismissal is "without prejudice for lack of jurisdiction." (ECF No. 83.) The judgment likewise states that the action was dismissed for lack of jurisdiction. (ECF No. 84.) Although the judgment does not add "without prejudice," dismissal for lack of jurisdiction is necessarily dismissal without prejudice. A court cannot enter judgment "on the merits" or "with prejudice" where it lacks jurisdiction to do so. *See Citadel Sec., LLC v, Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) ("A dismissal for lack of subject matter jurisdiction is not a decision on the merits, and thus cannot be a dismissal with prejudice.").

It therefore appears that the real issue is not confusion over whether dismissal was without prejudice, but a dispute over which party, if any, "prevailed" for purposes of the assessment of costs under Rule 54(d)(1). But Rule 54(d)(1) does not govern costs here. Rule 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). And here, "a federal statute . . . provides otherwise." Specifically, "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. Section 1919 is "an exception to the presumption in favor of awarding

2

costs to the prevailing party codified in Rule 54(d)(1)." *Whitford v. Gill*, --- F. Supp. 3d ----, 2019 WL 3974740, at *2 (W.D. Wis. Aug. 22, 2019) (collecting cases).

"While the Seventh Circuit has not addressed what constitute 'just costs' under § 1919, the Ninth Circuit has instructed that, in awarding 'just costs' under [§] 1919, a district court should consider what is most fair and equitable under the totality of the circumstances." *Id.* at *3 (internal quotation marks omitted). Plaintiffs sued to strike down a rule that they, apparently in good faith, believed impeded their constitutional right to truthfully advertise their credentials to potential patients. The Fifth Circuit held a similar Texas rule to be unconstitutional two months after Plaintiffs filed suit. *See Am. Academy of Implant Dentistry v. Parker*, 860 F.3d 300 (5th Cir. 2017). The case was dismissed, not because the rule was constitutional (the Court did not reach that question), but rather because the rule's imminent expiration, the Board's votes not to readopt the rule, and the Indiana Attorney General's Office's stay of enforcement rendered the case moot. Considering the totality of the circumstances, the Court finds that requiring Plaintiffs to pay Defendants' costs would not be "most fair and equitable." Rather, it is "most fair and equitable" to leave each side to bear its own costs. *See Whitford*, 2019 WL 3974740, at *3 (declining to assess costs where the plaintiffs' claims were ultimately dismissed for lack of jurisdiction as nonjusticiable).

Accordingly, Plaintiff's motion to amend the judgment (ECF No. 87) is **denied** and Defendants' bill of costs (ECF No. 85) is **denied.**

**SO ORDERED.**

Date: 11/12/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jill Esenwein
BLEEKE DILLON CRANDALL ATTORNEYS
jill@bleekedilloncrandall.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Kristopher N. Kazmierczak
KATZ KORIN CUNNINGHAM, P.C.
kkaz@kkclegal.com

Winston Lin
INDIANA ATTORNEY GENERAL
winston.lin@atg.in.gov

Frank R. Recker
Frank R. Recker & Associates, Co LPA
recker@ddslaw.com